# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Samuel T. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:20-cv-1230-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Warden Stephan; Associate | ) | |
| Warden Ramos; Ms. Jackson; | ) | |
| and Mr. Gough, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Samuel T. Johnson, an inmate housed in a state correctional facility operated by the South Carolina Department of Corrections, brought this *pro se* action under 42 U.S.C. § 1983 alleging various constitutional violations. (ECF No. 1). Plaintiff asserts that Defendants abridged his due process and equal protection rights, as well as his rights under the Eighth Amendment, when he was placed in "security detention" at McCormick Correctional Institution ("MCI") and then Broad River Correctional Institution ("BRCI") "under false allegations." *Id*. at 5.

Plaintiff alleges that he was initially placed in secured housing following an incident on August 27, 2019, when he "was handcuffed and . . . emergency transferred" to BRCI where he remained in a segregated unit from August 27, 2019 until October 4, 2019. *Id.* at 8. Plaintiff alleges that he was placed in segregated

confinement based on "false allegations," *id*. at 5, without a hearing beforehand and without receiving a copy of the incident report on which the confinement decision was based, *id*. at 8–9. Plaintiff notes he subsequently attended a review hearing conducted by the Restricted Housing Unit ("RHU") classification committee during which he was given an opportunity to explain that he had been confined to secured detention even though he had never been afforded a disciplinary hearing on the underlying incident. *See id*. Plaintiff further told the committee that he had never received a copy of the incident report. *Id*. Nonetheless, Plaintiff asserts, the committee "reach[ed] the verdict of placing [him] on Security Detention based on [the] incident report." *Id*. at 9. Plaintiff claims that as a result of Defendants' conduct, he "developed a mental illness" requiring him to take "psychotic medication." *Id*. at 10. He seeks to recover monetary damages and injunctive relief. *Id*.

The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). On February 3, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies; that Plaintiff's claim fails on the merits as a matter of law; and that Defendants are entitled to qualified immunity in any event. (ECF No. 66). Now before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 83) recommending the court grant

Defendants' motion for summary judgment (ECF No. 66). With respect to the exhaustion issue, the magistrate judge found, based on the evidence viewed in a light most favorable to Plaintiff, that Plaintiff submitted a Step-One Grievance on October 7, 2019, challenging the detention classification decision (ECF Nos. 83 at 6; 66-3 at 2, 7–8), and that the Warden denied Plaintiff's Step-One Grievance, returned it to him on October 25, 2019, and directed him to "plac[e] a [Step-Two Inmate Grievance] in the grievance Box at your local correctional institution within five (5) days of your receipt of this Decision[,]" (ECF No. 83 at 6). The magistrate judge found that SCDC has "no record" of Plaintiff filing a Step-Two grievance concerning the classification decision. (ECF Nos. 83 at 6; 66-3 at 3). In response to the motion for summary judgment, Plaintiff claimed that he attempted to file a Step-Two grievance by giving a completed Step-Two form to a correctional officer and asking him to place in the grievance box. (ECF No. 75 at 2). The magistrate judge rejected this argument, noting that "Plaintiff cannot identify this officer and further represents this officer no longer works for SCDC." (ECF No. 83 at 6). Accordingly, the magistrate judge concluded that Plaintiff did not file a Step-Two grievance and, therefore, failed to fully exhaust all remedies available to him. *Id*. at 6–7.

Additionally, the magistrate judge concluded that Defendants are entitled to judgment as a matter of law on the merits of Plaintiff's due process claim on the

basis that Plaintiff did not establish a protectable liberty interest in avoiding administrative segregation and, therefore, "the procedural protections required by the Fourteenth Amendment are not implicated." *Id*. at 10–11. The magistrate further found, based on the totality of the circumstances, that Plaintiff's confinement in administrative segregation did not impose such an atypical hardship in comparison to ordinary prison life that he possessed a liberty interest in avoiding it. *Id*. at 10.[1] And, finally, the magistrate judge concluded that "Defendants performed the discretionary functions of their respective duties in an objectively reasonable fashion" and, therefore, "could not have transgressed Plaintiff's constitutional rights." *Id*. at 12. Thus, the magistrate judge concluded Defendants are entitled to qualified immunity. Accordingly, the magistrate judge recommended that the court grant Defendants' motion for summary judgment. *Id*.[2]

On May 28, 2021, the Report was sent via United States mail to Plaintiff at the address he has provided the court. (ECF No. 84). The Report advised Plaintiff of his right to file specific written objections to the magistrate's rulings and recommendations and of the consequences of failing to do so. (ECF No. 83-1). To

---

[1] The magistrate judge also concluded that Defendants were entitled to judgment as a matter of law to the extent Plaintiff attempts to raise an equal protection claim, finding that Plaintiff's complaint fails to satisfy even the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 83 at 11 n.2).

[2] After briefing for the summary judgment motion was complete, Plaintiff filed a motion to amend his "legal argument" with new facts and allegations against a non-party. (ECFR No. 77). The magistrate judge denied the motion in the Report. (ECF No. 83 at 12).

4

date, neither party has filed objections to the Report and the time for doing so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

The court concludes that Plaintiff's statement that he handed a Step-Two grievance form to a prison official, though convenient and self-serving, may be

5

sufficient to create a genuine issue of fact on the question of exhaustion. Therefore, the court declines to grant summary judgment based on the failure to exhaust. However, having reviewed the remainder of the Report and found no clear error, the court agrees with the magistrate judge's conclusions and recommendation in the Report (ECF No. 83) that Defendants are entitled to summary judgment as a matter of law. Accordingly, Defendants' motion for summary judgment (ECF No. 66) is **GRANTED** and this action is hereby dismissed.

    **IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

Anderson, South Carolina
July 1, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.